In re **Robert A. PORTER, Jr., and Barbara J. Porter (d/b/a Bob's Small Engine Repair, et als.), Debtor.**

**Robert A. PORTER, Jr., Plaintiff,**

v.

**GOODYEAR EMPLOYEES CREDIT UNION, Defendant.**

Bankruptcy No. 81–00039.
Adv. No. 82–0138.

United States Bankruptcy Court,
D. Vermont.

Nov. 24, 1982.

Jerome I. Meyers, Springfield, Vt., for debtor-plaintiff.

Martha M. Davis, Windsor, Vt., for defendant.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of the Debtor to recover property allegedly converted by the Defendant filed August 11, 1982 came on for hearing, after the issuance of a Summons and Notice of Trial and the filing of an Answer.

The facts appear to be undisputed. The Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on February 27, 1981. Subsequent to the filing of the Petition the Defendant deducted from the wages earned by the Plaintiff certain sums of money and applied them toward an unsecured indebtedness incurred by the Plaintiff-Debtor.

The Defendant contended that since these moneys were earned after the date of the filing of the Petition they did not constitute property of the bankrupt estate. This contention is unfounded.

In a Chapter 13 proceeding property of the estate includes, in addition to the property specified in § 541 of this title—(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title whichever occurs first. See § 1306 of the Bankruptcy Code.

Therefore, the wages earned by the Debtor after the filing of the Petition are part of the bankrupt estate.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the Defendant pay over to the Plaintiff and his attorney, Jerome I. Meyers, Esquire, all sums deducted from the wages of the Debtor earned after the date of the filing of the Petition and withheld by the Defendant.